UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| SHONTE STEELE, | } | Case No. 8:22-cv-708 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| | } | |
| DIAZ & ASSOCIATES, INC. | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff SHONTE STEELE, through her attorney, brings this action to challenge the actions of Defendant DIAZ & ASSOCIATES, INC. for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff.  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors.  To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the

type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5. This action partially arises out of Defendant's violations of the FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and Defendant's violations of the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in the City of New Port Richey, County of Pasco, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8. Plaintiff is a natural person.

9. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts.  Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because she was allegedly obligated to

pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, Plaintiff was allegedly obligated to pay money allegedly owed for her personal credit card with Chase Bank.

11. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. § 559.55(8) because she was allegedly obligated to pay a debt.

## FACTUAL ALLEGATIONS

12. In the early-2000s, Plaintiff had a personal credit card with Chase Bank. Unfortunately, through a series of unfortunate circumstances, Plaintiff fell behind on her account for that credit card and the account was eventually sent to collections. However, in the mid-2000s, Plaintiff settled that account in full.

13. On October 21, 2021, Defendant mailed Plaintiff a dunning letter seeking to collect on the already-settled account described in paragraph 12, above. This dunning letter stated, in pertinent part, that "Once the funds for the above referenced account have cleared your bank, [Defendant] will release you from all claims and liabilities pertaining to this account."

14. Plaintiff does not actually owe any money on the account described in paragraphs 12-13, above. Additionally, even if Plaintiff did not already fully settle her account, this alleged debt would be more than ten years outside of the statute of limitations for any "claims" to be brought. Therefore, there are no "claims" that Defendant could possibly release for Plaintiff. Additionally, Defendant, at least in part by receiving the account from the previous alleged creditor, knew the date of delinquency and knew that the account would have been outside of the statute of limitations even if it had not been settled in full more than ten years ago.

15. As of March 28, 2022, during Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide Plaintiff

with the full set of the following five disclosures: information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. As a result of Defendant's tortious conduct, Plaintiff had to endure unnecessary stress and had to spend time and energy discussing her situation with an attorney that she would otherwise not had to have spent.

## FIRST CLAIM FOR RELIEF

**Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq.**

17. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

18. By communicating with Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

19. By communicating with Plaintiff for debt collection purposes and using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(10).

20. By communicating with Plaintiff for debt collection purposes that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

21. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff in connection with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

22. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

23. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

24. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

25. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Defendant's violations of the FCCPA, Fla. Stat. § 559.55, et seq.**

26. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

27. By communicating with Plaintiff for debt collection purposes and claiming, attempting, or threatening to enforce a debt when Defendant knows that the debt is not legitimate, Defendant has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

28. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

29. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

30. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the Defendant from further violations of this part, Fla. Stat. § 559.77(2).

31. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

32. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiffs requests a jury for all claims so triable.

Respectfully submitted this 28th day of March, 2022,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com